UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTY LENA WILLIAMS,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security[1],

                Defendant.

CASE NO. C16-5867-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Kristy Lena Williams proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

/ / /

---

[1] Nancy Berryhill is now the acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1985.[2] She graduated from high school and has some college education as well as training as an emergency medical technician, and has worked as an in-home caregiver, firefighter, emergency medical technician, restaurant cook/server, and bartender. (AR 312.)

Plaintiff protectively applied for DIB and SSI on September 11, 2012. (AR 275-92.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 164-78, 181-95.)

On January 12, 2015, ALJ Robert F. Campbell held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 48-81.) On March 23, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 19-40.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 11, 2016 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

---

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

engaged in substantial gainful activity since the alleged onset date. (AR 21.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's polysubstance abuse (of cannabis, methamphetamine, and alcohol), major depressive disorder, post-traumatic stress disorder (PTSD), bipolar disorder, and personality disorder. (AR 22-27.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments, including the substance abuse disorders, met the criteria of Listings 12.04, 12.06, and 12.09. (AR 28-29.)

The ALJ then separated out the effects of Plaintiff's substance abuse, and found that if Plaintiff stopped substance use, she would still have severe impairments, but they would not meet or equal a listed impairment. (AR 29-30.) The ALJ next assessed Plaintiff's residual functional capacity (RFC), assuming she stopped using substances, to determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following non-exertional limitations: she is limited to simple, routine work. She can have occasional superficial contact with a supervisor for daily quality checks on work, and can have superficial contact with coworkers, but no teamwork or collaboration with them. She cannot have public contact. (AR 30.) With that assessment, the ALJ found that if Plaintiff stopped using substances, she would be unable to perform past relevant work. (AR 38-39.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found that if Plaintiff stopped using substances, she could transition to other representative occupations, including janitor and laundry worker. (AR 39-40.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to account for all limitations indicated by the State agency consultants, whose opinions were purportedly credited; (2) discounting the opinions of three psychologists; (3) discounting Plaintiff's subjective testimony; and (4) failing to include all RFC assessment limitations in the VE hypothetical. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### State agency opinion

The ALJ gave significant weight to State agency psychological opinions regarding Plaintiff's mental limitations. (AR 36.) State agency consultants opined that Plaintiff would require a "predictable structured work setting" in order to perform simple work. (AR 139, 155.) With regard to supervisor interaction, State agency consultants opined that Plaintiff "would need to work with timely constructive feedback from a patient respectful supervisor." (AR 140, 156.) State agency consultants also indicated that Plaintiff "will have occasional difficulty responding to change and would benefit from having extra time to adjust to changes." (*Id*.)

None of these restrictions explicitly appear in the ALJ's RFC assessment, even though the ALJ directly acknowledged them in the decision. (AR 30.) The Commissioner nonetheless argues

1 that the ALJ's RFC assessment adequately accounts for the State agency opinion, even if not
2 explicitly. The Commissioner states that the ALJ's restricting Plaintiff to "simple routine work"
3 accommodated the need for a "predictable structured work setting." Dkt. 13 at 13. But the ALJ's
4 restriction pertains to the type of work performed, whereas the State agency opinion addressed
5 qualities of the work setting, and therefore the ALJ did not necessarily entirely address the State
6 agency opinion.

7 Likewise, although the Commissioner argues that the ALJ's restriction to "occasional
8 superficial contact with a supervisor for daily quality checks of work" accounts for the State
9 agency opinion that Plaintiff would "need to work with timely constructive feedback from a patient
10 respectful supervisor" (Dkt. 13 at 13), the State agency opinion instructs that the supervisor
11 feedback must be constructive and the supervisor him/herself must be patient and respectful — the
12 ALJ's restriction as to the depth and topics of conversation between Plaintiff and a supervisor do
13 not address the specific requirements mentioned by the State agency consultants.

14 The Court does not, however, find that the ALJ's RFC assessment is deficient with respect
15 to the State agency opinion that Plaintiff would "benefit from having extra time to adjust to
16 changes" because this limitation was not described as an imperative. An RFC assessment
17 describes the most a claimant can do. 20 C.F.R. §§ 404.1545(a), 416.945(a) (RFC "is the most
18 you can still do despite your limitations"). Because this aspect of the State agency opinion does
19 not identify the most Plaintiff can do, the opinion is not inconsistent with the ALJ's RFC
20 assessment.

21 Thus, the Court agrees with Plaintiff that the ALJ did not fully account for all aspects of
22 the State agency opinions that were purportedly assigned significant weight, and this is error. *See*
23 SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Commissioner cites an unpublished District Court case holding that an ALJ's RFC assessment need not repeat each functional limitation verbatim, but this case does not address the type of argument made here, which is that limitations purportedly credited should be accounted for in the RFC assessment. *See* Dkt. 13 at 14 (citing *Estep v. Colvin*, 2016 WL 6988685, at *9 (E.D. Cal. Nov. 28, 2016)).

*Estep* cites *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008), which stands for the proposition that an ALJ may "translate" a functional deficit in concentration, persistence, or pace into a restriction to simple work, if that assessment is consistent with the medical evidence. *Id.* But in this case, the medical evidence indicated specific restrictions that were purportedly credited but not accounted for. The Commissioner has not persuasively shown that the ALJ's RFC assessment actually accounts for all of the limitations identified by the State agency consultants. Accordingly, on remand, the ALJ shall reconsider the State agency opinions and either provide specific, legitimate reasons to discount them, or fully credit them in their entirety.[3]

## Other Medical Opinions

Plaintiff also challenges the ALJ's assessment of three psychologists: examining psychologist Charles Quinci, Ph.D.; examining psychologist Wendy Hartinger, Psy.D.; and non-examining psychologist Steven Johansen, Ph.D. The Court will address each in turn.

---

[3] Although Plaintiff requested that the ALJ's errors be remedied by a remand for a finding of disability, she has not shown that this remedy is warranted, particularly in light of the conflicts in the record. Accordingly, the Court finds that further proceedings are appropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

A.   Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

B.   Drs. Quinci & Johansen

Dr. Quinci examined Plaintiff in August 2012 and completed a DSHS form opinion. (AR 518-21.) Dr. Johansen reviewed Dr. Quinci's opinion to determine the severity of Plaintiff's impairments. (AR 337-40.)

The ALJ discounted Dr. Quinci's opinion because he described "largely unremarkable" findings upon mental status examination, and did not describe any other basis for his conclusions regarding Plaintiff's functional limitations. (AR 37.) The ALJ also noted that Plaintiff did not fully disclose her substance abuse to Dr. Quinci, and that other evidence shows that she retains greater capabilities than indicated by Dr. Quinci. (*Id.*)

These reasons are specific and legitimate. Dr. Quinci's lack of explanation to support his opinion is a valid reason to discount it. *See Crane v. Shalala*, 76 F.3d 252, 253 (9th Cir. 1996) (ALJ permissibly rejected three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions"). This reason is particularly strong in light of the normal or mild findings upon mental status examination. Furthermore,

Plaintiff's failure to fully disclose the extent of her substance use is another valid reason to discount Dr. Quinci's opinion, because Dr. Quinci did not have a full diagnostic picture of Plaintiff's situation. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. Dec. 16, 2008).

Because the ALJ provided valid reasons to discount Dr. Quinci's opinion, the ALJ did not err in discounting Dr. Johansen's opinion, which was based entirely upon Dr. Quinci's opinion.

C. <u>Dr. Hartinger</u>

Dr. Hartinger examined Plaintiff in June 2014 and wrote a DSHS opinion describing her symptoms and limitations. (AR 1209-13.) Dr. Hartinger performed personality testing, which "indicate[d] an attempt to exaggerate symptoms of mental illness, essentially attempting to 'fake bad.'" (AR 1210.)

The ALJ summarized Dr. Hartinger's findings regarding Plaintiff's functional limitations, and assigned the opinion little weight because it was inconsistent with the unremarkable mental status examination findings. (AR 36-37.) The ALJ indicated that Dr. Hartinger's reliance on Plaintiff's self-report was problematic in light of the unreliability of her subjective testimony, as well as Dr. Hartinger's own testing revealing exaggeration. (AR 37.) The ALJ also found Dr. Hartinger's opinion to be internally inconsistent, because she described Plaintiff's ability to independently perform daily tasks and maintain a schedule, which contradicted the functional limitations described. (*Id.*)

The ALJ's reasoning is specific and legitimate. Particularly because Dr. Hartinger herself found that Plaintiff had exaggerated her symptoms, the ALJ was entitled to discount Dr. Hartinger's opinion offered in reliance on Plaintiff's self-report. *See Thomas*, 278 F.3d at 958 (affirming an ALJ's rejection of a report where "[i]n discrediting the report, the ALJ reasoned that

1  a one-hour physical capacity evaluation relies almost entirely on subjective information, and when
2  a claimant exaggerates symptoms, the results cannot be valid"). Dr. Hartinger's report
3  demonstrates reliance on Plaintiff's self-report that conflicts with other statements in the record.
4  *See, e.g.*, AR 1210 (regarding substance use and the reasons why Plaintiff stopped working as an
5  EMT). These are sufficient reasons to discount Dr. Hartinger's opinion.

<u>Plaintiff's subjective testimony</u>

The ALJ provided a number of reasons to discount Plaintiff's testimony: (1) medical evidence showed that Plaintiff's symptoms improve with sobriety and treatment, and that Plaintiff exaggerated her symptoms; (2) Plaintiff's activities contradict her alleged limitations; (3) Plaintiff stopped working for reasons other than her impairments; and (4) Plaintiff made inconsistent reports regarding her substance use. (AR 31-36.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff's arguments are not persuasive. As summarized by the ALJ, the medical evidence is replete with examples of Plaintiff's drug-seeking behavior and symptom exaggeration. (*See* AR 22-25, 31-35.) This evidence constitutes a clear and convincing reason to discount Plaintiff's subjective testimony. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001); *Gray v. Comm'r of Social Sec. Admin.*, 365 Fed. Appx. 60, 63 (9th Cir. Feb. 8, 2010).

The ALJ also outlined multiple examples of Plaintiff's inaccurate reporting regarding her substance use. (AR 36.) This evidence also undermines the reliability of Plaintiff's self-report. *Thomas*, 278 F.3d at 959.

Even if the ALJ's other reasons were not clear and convincing, any error would be harmless

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

in light of the strong, well-supported reasons related to Plaintiff's drug-seeking behavior, symptom exaggeration, and inconsistent statements. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Accordingly, the ALJ's findings regarding Plaintiff's testimony are affirmed.

### RFC

Plaintiff argues that the ALJ erred in crafting a VE hypothetical, and in relying on VE testimony that was inconsistent with the Dictionary of Occupational Titles. Dkt. 12 at 3-5. Because this case will be remanded for the ALJ to reconsider medical opinion evidence, which could result in a modification of the RFC assessment, the Court need not address issues related to the RFC assessment and/or vocational testimony at this time.

### **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 11th day of May, 2017.

Mary Alice Theiler
United States Magistrate Judge